MATT BRITTEN v. THE STATE.

No. 9137.   Delivered May 27, 1925.

Rehearing denied June 24, 1925.

1.—Manufacturing Intoxicating Liquor—Bills of Exception—Question and Answer Form.

Where bills of exceptions are prepared in question and answer form in violation of Art. 846 C. C. P. and the uniform holdings of this court, they will not be considered.

2.—Same—Argument of Counsel—Not Improper.

Where State's counsel in his argument to the jury stated "Yes, the defendant sits back, and the State presumes he is innocent, and must prove him guilty, beyond a reasonable doubt" we can observe no possible reference in such remarks to the defendant's failure to testify.

ON REHEARING

3.—Same—Evidence—Hearsay—Inadmissible.

The testimony of the defense witness Weller as to the ownership of land, based on statements made to him by appellant was properly excluded. Such evidence was but the hearsay opinion of the witness.

4.—Same—Evidence—On Immaterial Issue—Properly Excluded.

What was said as to the working of the land occupied by appellant at the time of his arrest, could not possibly have any material bearing on his guilt or innocence of manufacturing liquor on said land, and was properly excluded.

5.—Same—Evidence—Whisky—Is an Intoxicant.

It has been judicially recognized for many years that whisky is an intoxicant, and the learned trial Judge in the instant case correctly instructed the jury to this effect.

6.—Same—Charge of Court—On Principals—Properly Submitted.

Where the testimony disclosed that appellant, and one Poetzold were working a rented farm together and both were discovered in the act of manufacturing whisky on said farm a charge on the law of principals was not error.

Appeal from the District Court of Roberts County. Tried below before the Hon. W. R. Ewing, Judge.

Appeal from a conviction of manufacturing intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*Umphreys, Mood & Clayton,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the district court of Roberts County of manufacturing intoxicating liquor, and his punishment fixed at one year in the penitentiary.

There are three bills of exception, two of which are in question and answer form and therefore violative of Art. 846 C. C. P., and under many decisions of this court cannot be considered. The other bill complains of the fact that the State's attorney in his argument to the jury said: ''Yes, the defendant sits back and the State presumes that he is innocent and must prove him guilty beyond a reasonable doubt.'' The objection seems to be that this was an allusion to defendant's failure to testify. We do not think the language used a necessary reference to the failure to testify. The law requires the State to presume the accused to be innocent and to prove him guilty beyond a reasonable doubt, and certainly reference to this fact in argument could in nowise be said to refer to the failure of the defendant to testify. We are unable to comprehend the proposition that to merely say the defendant sits back,—would convey to the jury the idea that this meant to call their attention to the failure of appellant to take the witness stand. The bill is qualified with the statement that the argument was in reply to argument made by the attorney for appellant.

We see no benefit to arise from an extended statement of the facts. Appellant had a hired man and was observed to go with this hired man to a house on appellant's premises where the two remained a considerable length of time. Appellant had been seen around the premises before. Officers searching said house found therein a still in operation.

The judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, Judge.—We have agreed with appellant's contention in his motion that the questions and answers appearing in his bills of exception Nos. 8 and 9 misled us, and that as we now see it the insertion of the questions and answers in said bills was intended but as a predicate to statements appearing at the end of each bill which constitutes the bill proper. However, we are unable to see any error in either bill when fully considered. Bill of exceptions No. 8 sets out that defense witness Weller swore that one Poetzold had 100 acres of the Britten farm rented, and that Kuehler had 45 acres of the same farm rented; but when the State was permitted to examine said witness to ascertain his means of knowledge of the facts just stated, he testified that he knew it only from talking to Britten and Poetzold. The court then sustained the State's motion to exclude the testimony as being based on hearsay. This was correct. The statement that Poetzold and Kuehler had parts of the Britten farm rented and worked it for themselves, being but the opinion of the witness based on what he had heard said by Poetzold and Britten, neither of whom were witnesses in the case, was not admissible.

Bill of exceptions No. 9 sets out a question propounded by appellant's counsel to his witness Kuehler as follows "Mr. Kuehler, please state what was said between the parties concerning the working of said land?" The State objected to this as being hearsay and the witness was not permitted to answer. We are not clear as to the validity of this objection, if it appear that witness was present when the original contract was made. However, what was said as to the working of the land would seem of no materiality. The State makes no claim that could be affected by the testimony set out in the bill as that which would have been detailed. The State merely asserted that it was appellant's land and that he was working around the premises much of the time, and on the occasion in question went with Poetzold to the house in which the still was found the same day in operation. After remaining there about half an hour appellant came out and left. The officers who came presently found several barrels of mash, a still in operation and a quantity of whiskey. Poetzold was in said house which was locked when the officers got to it. A conversation had by appellant with another witness in which he told said witness that he was making and selling whiskey, and that he would sell to but one man at a time, and that he had a good trade in the Amarillo neighborhood, was also before the jury. The fact that appellant had rented to Poetzold a hundred acres of land on the halves, would in no sense rebut or overcome the State's case.

The charge of the court was excepted to because it told the jury that whiskey was intoxicating liquor. This is a correct statement under our practice, in keeping with the facts in this case and the law applicable thereto. Another exception was leveled at that paragraph defining principals. The definition was according to numerous cases decided by us; nor are we able to agree with appellant that in telling the jury in paragraph five of the charge that if they believed appellant "acting with Poetzold" manufactured liquor, etc., that any error was committed. The liquor was being manufactured on appellant's farm; he and Poetzold were working it; they were together in the little house where the still was found for a half hour the morning that the still in operation was located by the officers; appellant gave out information that he was making and selling whiskey. In our opinion a charge on principals was called for.

We find no assumption of the fact in said charge that Poetzold was making whiskey. The complaint at the argument of the State's attorney was fully considered in our former opinion and we see no reason to believe our decision was incorrect in regard thereto.

The motion for rehearing will be overruled.

*Overruled.*